**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| THERESA TAILFORD; SANFORD BUCKLES; JEFFREY C. RUDERMAN, and all similarly situated individuals, *Plaintiffs-Appellants*, v. EXPERIAN INFORMATION SOLUTIONS, INC., *Defendant-Appellee.* | No. 20-56344 D.C. No. 8:19-cv-02191-CJC-KES OPINION |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted November 18, 2021
Pasadena, California

Filed March 1, 2022

Before:  Richard Linn,[*] Jay S. Bybee, and Mark J. Bennett,
Circuit Judges.

Opinion by Judge Linn

---

[*] The Honorable Richard Linn, United States Circuit Judge for the
U.S. Court of Appeals for the Federal Circuit, sitting by designation.

## SUMMARY[**]

### Fair Credit Reporting Act

The panel affirmed the district court's denial of plaintiffs' motion for a remand to state court and the district court's dismissal of plaintiffs' class action suit alleging violations of the Fair Credit Reporting Act by Experian Information Solutions, Inc., a consumer credit reporting agency.

Plaintiffs alleged that the FCRA required Experian to disclose behavioral data from its "ConsumerView" marketing database, "soft inquiries" from third parties and affiliates, the identity of certain parties who procured consumer reports, and the date on which employment data was reported.

Affirming the district court's denial of plaintiffs' motion to remand the case to the state court, the panel held that plaintiffs' pleadings contained sufficient allegations of injury to support Article III standing. The panel held that as the party invoking the federal judicial power, Experian had the burden of establishing the facts necessary to support standing at the pleading stage. Because plaintiffs' pleadings adequately alleged particularized injuries to their individual privacy and information interests, the panel rejected plaintiffs' argument that Experian failed to show that plaintiffs had Article III standing. Under the *Spokeo III* test, these interests were sufficiently concrete to confer standing because the statutory provisions at issue were established to

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

protect a plaintiff's concrete interests in privacy and accuracy in the reporting of consumer credit information (and not merely procedural rights). Distinguishing *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), the panel further concluded that the specific violations alleged presented a material risk of harm to plaintiffs' concrete interest in consumer privacy.

Affirming the district court's dismissal of plaintiffs' first amended complaint, the panel held that none of the data alleged to be missing from Experian's consumer reports was subject to disclosure under 15 U.S.C. § 1681g(a)(1), (3), or (5), considered individually or in combination. The panel held that § 1681g(a)(1), requiring disclosure of "all information in the consumer's file," did not require disclosure of all the information in Experian's internal-only "Admin Reports." The panel held that Experian did not violate § 1681g by failing to include in its disclosures several inquiries from third parties. Further, Experian was not required to disclose the behavioral data included in the ConsumerView database. Finally, Experian did not violate § 1681g(a)(1) by failing to disclose the dates on which employment dates were reported to it.

## COUNSEL

Robert S. Green (argued), James Robert Noblin, and Emrah M. Sumer, Green & Noblin P.C., Larkspur, California, for Plaintiffs-Appellants.

Meir Feder (argued) and Kelly C. Holt, Jones Day, New York, New York; John A. Vogt and Ryan D. Ball, Jones Day, Irvine, California; for Defendant-Appellee.

## OPINION

LINN, Circuit Judge:

Theresa Tailford, Sanford Buckles, and Jeffrey C. Ruderman ("Plaintiffs"), appeal from the denial by the United States District Court for the Central District of California of their motion to remand to state court their class action suit alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Plaintiffs contend that Experian Information Solutions, Inc. ("Experian") failed to show that Plaintiffs have Article III standing and further contend that the district court erred in dismissing with prejudice Plaintiffs' first amended complaint for failure to state a claim. Because Plaintiffs' pleadings contain sufficient allegations of injury to support Article III standing, we affirm the district court's denial of their motion to remand to state court. Because none of the data alleged by Plaintiffs to be missing from Experian's consumer reports is subject to disclosure under the FCRA, we affirm the district court's dismissal with prejudice of Plaintiffs' first amended complaint.

I

The FCRA is a specifically tailored federal law enacted in 1970 "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). It created a mechanism "for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers." 15 U.S.C. § 1681(a)(2). It is not intended to provide broad-based federal oversight into data-collection practices in general. It is instead one of several federal and state laws each designed to regulate the collection and dissemination of

specifically identified types of credit data for specifically identified purposes.   The FCRA limits what credit, employment, and personal information consumer reporting agencies ("CRAs") can collect, how CRAs can obtain such information, and to whom credit reports containing such information may be disseminated.   *Id*. §§ 1681b, 1681a(d). The FCRA also specifies the circumstances under which consumer reports may be distributed by CRAs and the purposes for which such distribution is authorized.   *See id.* §§ 1681a, 1681b.

To give consumers the opportunity to verify the accuracy of data maintained by CRAs, the FCRA requires CRAs to disclose certain information to the consumer upon request. *See* 15 U.S.C. § 1681g; *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2213 (2021) ("As the plaintiffs note, the disclosure and summary-of-rights requirements are designed to protect consumers' interests in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties.").   The willful failure to comply with such a disclosure request gives rise to a private cause of action for actual or statutory damages. 15 U.S.C. § 1681n(a).   As relevant here, the disclosure must include the following three categories of information:

> (1) All information in the consumer's file at the time of the request [subject to some exceptions not relevant on appeal]
>
> . . .
>
> (3) [E]ach person (including each end-user identified under section 1681e(e)(1) of this title) that procured a consumer report . . .

(ii) for any other purpose [than employment purposes], during the 1-year period preceding the date on which the request is made.

. . .

(5) A record of all inquiries received by the agency during the 1-year period preceding the request that identified the consumer in connection with a credit or insurance transaction that was not initiated by the consumer.

15 U.S.C. § 1681g(a)(1), (3), (5).  We refer herein to the disclosure required under the FCRA as a "§ 1681g disclosure."

## II

Experian is a credit reporting agency that collects traditional consumer credit data.  Experian stores the collected consumer credit data in a database called "File One."  This data includes information about credit accounts, creditors, debts, and credit inquiries.  Experian uses its File One database to respond to credit inquiries made under § 1681g of the FCRA, but in doing so does not include information from its internal-only "Admin Reports."  The Admin Report summarizes all the information Experian has on each consumer, including, *inter alia*, dates that employers reported employees' employment information, certain soft credit inquiries, and non-traditional "behavioral data" such as "household income, purchase history, whether an individual is a 'dog' or 'cat' person," and thousands of other marketing attributes.  Experian also gathers this behavioral data in a marketing database called "ConsumerView."

"The ConsumerView database contains data on thousands of attributes on more than 300 million consumers and 126 million households, including age, gender, marital status, presence of children, homeowner status, education, and occupation." *Tailford v. Experian Info. Sols., Inc.*, No. CV 19-02191-CJC (KESx), 2020 WL 6867157, at *1 (C.D. Cal. Nov. 18, 2020) (order granting motion to dismiss) ("Dismissal Order") (quotation marks omitted). Experian sells this information to affiliates and third parties through a product called "OmniView." Experian's marketing materials indicate that OmniView may be used to "[t]arget candidates for invitations to apply for credit." *Tailford v. Experian Info. Sols., Inc.*, No. SACV 19-02191JVS (KESx), 2020 WL 2464797, at *2 (C.D. Cal. May 12, 2020) (order denying motion to remand and granting motion to dismiss) ("Remand Order"). OmniView also includes credit statistics aggregated by zip code, the raw data for which Plaintiffs allege is sourced from the File One database. Experian does not include the information in its ConsumerView database in its § 1681g disclosures. Experian additionally collects information about consumers' employers and dates of employment. This information is used in another product called "Employment Insight."

In late 2017, a data breach in an Amazon cloud storage location revealed information on millions of households in a spreadsheet titled "ConsumerView_10_2013.yxdb." Plaintiffs allege that this information was placed in cloud storage by data analytics company Alteryx, Inc. that allegedly bought it from Experian. Following this breach, each of the three Plaintiffs requested and received from Experian various § 1681g disclosures. Plaintiffs contend these disclosures were incomplete. Plaintiffs do not allege that Experian failed to include in its § 1681g disclosures any the information in its File One database responsive to

Plaintiffs' requests.  Plaintiffs do contend, however, that Experian failed to include in its § 1681g disclosures several pieces of information they allege Experian was required by the FCRA to provide, including behavioral data from its ConsumerView database, inquiries from third parties and affiliates, the identity of certain parties who procured consumer reports, and the date on which employment data was reported.

III

Plaintiffs sought to remedy Experian's alleged violation of the FCRA by joining a putative class action initially filed by Terry Carson before the United States District Court for the Central District of California, alleging violations of § 1681g(a)(1), (3), (5), and § 1681e(b) of the FCRA. *Carson v. Experian Info. Sols., Inc.*, No. 8:17-cv-02232-JVS-KES, 2019 U.S. Dist. LEXIS 118387, at *2–3 (C.D. Cal. July 9, 2019).  In that action, Experian filed a motion to dismiss, a motion for judgment on the pleadings, and a motion to stay discovery.  *Id.* at *3–4.  Plaintiffs opposed the motions.  The district court, Judge Selna, granted the motion to dismiss, holding that "Plaintiffs fail[ed] to show how Defendant's alleged violation of the FCRA amount[ed] to more than a 'bare procedural violation,'" and thus did not plead "a concrete injury sufficient to confer Article III standing to bring their § 1681g claims."  *Id.* at *20–21.  The district court also granted in part the motion for judgment on the pleadings and dismissed the motion to stay discovery as moot.  Plaintiffs did not appeal *Carson*.

Instead, Plaintiffs filed a separate class action suit in state court, again alleging violations of § 1681g.  Experian, in a turnabout from the position it took in *Carson*, removed the case to the Central District.  Experian then filed a motion to dismiss the Original Complaint for failure to state a claim.

Plaintiffs countered with a motion for remand to state court. Plaintiffs argued in their remand motion that Experian had not met its burden of establishing Article III standing, but did not expressly argue, as they did in *Carson*, that standing was lacking.  Judge Selna denied Plaintiffs' motion, holding that removal under § 1441 was proper because "[t]there [was] no question that Plaintiffs' complaint raised issue[s] under the FCRA, a federal law," and that there was no initial requirement for Experian to prove subject matter jurisdiction in order to remove an action.  Remand Order, 2020 WL 2464797, at *4.  Judge Selna also granted Experian's motion to dismiss, holding that none of the information missing from the § 1681g disclosures sent to Plaintiffs was required to be disclosed under the FCRA.  *Id.* at *4–6.  Judge Selna then allowed Plaintiffs leave to amend.

The case was reassigned to Judge Carney.  Plaintiffs filed a First Amended Complaint ("FAC"), in which they repeated and expanded their original allegations and added a stand-alone claim that Experian violated § 1681b by sharing consumer report information for non-authorized marketing purposes.  Plaintiffs specifically alleged that the disclosures they received from Experian failed to include: (1) certain behavioral data; (2) certain so-called "soft inquiries," namely those not initiated by a consumer; (3) the identity of parties procuring consumer reports; and (4) the dates on which their employers reported Plaintiffs' employment history.  Plaintiffs also alleged that the § 1681g disclosures did not show that Experian had given the Plaintiffs' data to Alteryx.  Experian again filed a motion to dismiss for failure to state a claim.

This time, the district court dismissed the FAC with prejudice.  Dismissal Order, 2020 WL 6867157, at *7. Regarding the missing "behavioral data," the district court

concluded that Experian was not obligated to include that data in its § 1681g disclosure because it was not part of the consumer's "file" under the FCRA and was not information that was or might be furnished in a consumer report, notwithstanding the fact that some ConsumerView data contained aggregated information from the File One database. *Id.* at *3. Concerning the soft inquiries, the district court held that Experian was not obligated to include those inquiries in its § 1681g disclosure because such inquiries were never included in consumer reports. *Id.* at *4. The district court next concluded that the dates on which employment was reported to Experian has nothing to do with a consumer's eligibility for credit, insurance, or employment information and is not the kind of information that might be furnished in a consumer report. *Id.* The district court also held that while Experian was required by the FCRA to disclose those who procured a consumer report, Plaintiffs had failed to plausibly allege that Alteryx was a procuring party. *Id.* at *5. Finally, the district court held that Experian was not obligated under the Act to identify the particular end-users omitted from the § 1681g report. *Id.*

Plaintiffs appealed the denial of their motion to remand and the dismissal for failure to state a claim. This Court has jurisdiction over a final decision of the district court under 28 U.S.C. § 1291. This Court also has "both the inherent authority and the responsibility to consider [its] own jurisdiction." *Hoffmann v. Pulido*, 928 F.3d 1147, 1151 (9th Cir. 2019).

IV

We review the district court's denial of Plaintiffs' motion to remand to state court de novo. *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 974 n.2 (9th Cir. 2004). We also consider whether there is constitutional

standing de novo.  *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 867 (9th Cir. 2002).  Likewise, we review the grant of a motion to dismiss de novo.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

V

All parties agree that because this case arises out of a well-pleaded complaint alleging a violation of a federal law, there is federal question jurisdiction in the district courts under 28 U.S.C. § 1331 and § 1441.  Plaintiffs argue, however, that Experian failed to satisfy its burden of establishing Article III standing.  We note that Plaintiffs did not file a motion to dismiss for lack of standing and do not actually argue that standing does not exist, just that Experian failed to meet its burden to show Plaintiffs' standing in its motion to remove this case from state to federal court.[1]

Standing is a constitutional requirement for the exercise of subject matter jurisdiction over disputes in federal court. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) ("*Spokeo II*").  A key component of standing is satisfaction of the injury-in-fact requirement: that Plaintiff has "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).  Plaintiffs' pleadings adequately

---

[1] Plaintiffs appear to argue that the district court's failure to include an analysis of standing requires reversal and remand.  This argument is baseless.  The relevant question is whether standing exists, not whether the district court analyzed the question *vel non*.  *Cf. Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999) ("[F]ederal appellate courts review decisions, judgments, orders, and decrees—not opinions, factual findings, reasoning, or explanations . . . ." (quoting *In re Williams*, 156 F.3d 86, 90 (1st Cir. 1998))).

allege particularized injuries to their individual privacy and informational interests. The only question is whether the interests allegedly violated are sufficiently concrete to confer standing.

As the party invoking the federal judicial power, Experian has the burden of establishing the facts necessary to support standing "with the manner and degree of evidence required at the successive stages of the litigation."[2] *See Lujan*, 504 U.S. at 561. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Id.* (alteration in original) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)).

This Court has adopted a two-step framework to determine whether alleged violations of FCRA provisions are sufficiently concrete to confer standing: "(1) whether the statutory provisions at issue were established to protect [a plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017) ("*Spokeo*

---

[2] In their opening brief, Plaintiffs argued that Experian must satisfy its burden on the basis of averments in its arguments against remand rather than in the complaint. Plaintiffs' argument is misplaced as standing is predicated on allegations in the complaint and is not limited to averments in the arguments against remand. *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011); *see also Spokeo II*, 578 U.S. at 333–34 (considering plaintiff's allegations). Plaintiffs essentially conceded this point at oral argument. Oral Argument at 1:57–2:10, https://www.ca9.uscourts.gov/media/video/?20211118/20-56344/.

*III*") (adopting the standard set forth in *Strubel v. Comenity Bank*, 842 F.3d 181, 190 (2d Cir. 2016)).  In this case, both prongs of the *Spokeo III* test are satisfied.

Regarding the first prong, Plaintiffs' complaint, as noted *infra*, alleges the violation of specific provisions of the FCRA established to protect concrete interests of privacy and accuracy in the reporting of consumer credit information, and not merely procedural rights.  One of the two principal reasons for enactment of the FCRA was the protection of consumers' interests in "fair and accurate credit reporting" and to "protect consumer privacy."  *Spokeo III*, 867 F.3d at 1113 (quoting *Safeco Ins. Co.*, 551 U.S. at 52)). The interest in consumer privacy "resemble[s] other reputational and privacy interests that have long been protected in the law."  *Id.* at 1114; *see also Nayab v. Capital One Bank*, 942 F.3d 480, 492 (9th Cir. 2019) (holding that being "deprived of the right to keep private the sensitive information about [one's] person" is historically considered a harm protected by common law).

As to the second prong of *Spokeo III*, Plaintiffs' complaint contains sufficient allegations of non-disclosure of information under § 1681g to "present a material risk of harm" to Plaintiffs' concrete interest in consumer privacy. Plaintiffs here alleged, *inter alia*, that Experian's failure to disclose consumer report information in their § 1681g statements was a violation of a right to privacy "because while their PII [("personal identifiable information")] was made readily available . . . , Plaintiffs had no knowledge of or opportunity to disagree with the provision of their PII to third parties. This violated Plaintiffs' rights to privacy, which, once lost, can never be regained."

In *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017), this court recognized that an employee had standing to sue an

employer for a violation of an FCRA procedural rule, namely, 15 U.S.C. § 1681b(b)(2)(A). That rule allowed a prospective employer to obtain a consumer report only after disclosing to the prospective employee that it was seeking to obtain the report and receiving the prospective employee's authorization. *Syed,* 853 F.3d at 497–98. In relevant part, this court explained that this procedural rule protected the consumer's substantive right to control who received their credit report and identify any violation of their rights of privacy and information. Violation of the rule was thus considered "more than a 'bare procedural violation.'" *Id.* at 499 (quoting *Spokeo II*, 578 U.S. at 341). This case is substantially similar, in that the alleged procedural violations protected substantive rights by requiring disclosures necessary for informed decision-making. Just as the alleged violation in *Syed* was sufficient to confer standing, the alleged violations of § 1681g here are similarly sufficient. Where, as here, Congress has identified a concrete interest deserving of protection, a violation of procedure may demonstrate a sufficient "risk of real harm" to the underlying interest to establish concrete injury without the "need [to] allege any *additional* harm beyond the one Congress has identified." *Spokeo II*, 578 U.S. at 341–42.

Plaintiffs in their reply brief rely on *TransUnion*, 141 S. Ct. 2190, to support their argument that the ability to protect privacy interests is insufficient to satisfy the concrete-harm requirement. But the § 1681g claim at issue in this case is distinguishable from the disclosure claims that the *TransUnion* Court found lacked standing because the plaintiffs here have alleged a sufficiently concrete injury—they alleged that without complete information in their § 1681g disclosures, they are unable to adequately opt out of certain disclosures to other parties and ensure fair and accurate reporting of their credit information. *See id.* at 2213

(noting that "the disclosure and summary-of-rights requirements are designed to protect consumers' interests in learning of any inaccuracies in their credit files so that they can promptly correct the files before they are disseminated to third parties"). Unlike the plaintiffs here, who alleged that certain information was *missing* from Experian's §1681g disclosures, the plaintiffs in *TransUnion* lacked standing because their only allegation of non-disclosure was improper formatting of the information. *Id.* at 2214 ("The plaintiffs did not allege that they failed to receive any required information. They argued only that they received it *in the wrong format*.").

For the above reasons, we conclude that the allegations of injury to Plaintiffs' informational and privacy interests as recited in the FAC are sufficiently concrete to support Article III standing at this pleading stage. The district court's denial of Plaintiffs' motion to remand to state court is affirmed.

VI

Plaintiffs contend that the district court erred in granting Experian's motion to dismiss.[3] They argue that various combinations of § 1681g(a)(1), (3), and (5) require that "all information" in a consumer's file must be disclosed when requested and that four specific categories of data should have been included in Experian's § 1681g disclosures: ConsumerView data and the identity of parties receiving that information, soft inquiries by third parties, the identity of all parties procuring credit reports (including Experian affiliates), and the date on which employment dates were

---

[3] Plaintiffs do not appeal the dismissal of their stand-alone claim under § 1681b.

reported.  Experian responds that its § 1681g disclosures were in full compliance with the FCRA and that nothing required was omitted.  For the reasons that follow, we hold that none of the information Plaintiffs contend Experian failed to include in its § 1681g disclosures is subject to disclosure under § 1681g(a)(1), (3) or (5), considered individually or in combination.

A

Plaintiffs first argue that § 1681g(a)(1) encompasses "all information" maintained by a CRA, contending that the statutory language, "[a]ll information in the consumer's file at the time of the [§ 1681g] request," is entitled to "a liberal construction in favor of consumers when interpreting the FCRA," and thus includes all the information in Experian's Admin Reports.  Experian contends that § 1681g(a)(1) cannot and should not be read so broadly.  We agree with Experian.

A consumer's "file," for purposes of the FCRA, is "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. §1681a(g).  In *Shaw v. Experian Information Solutions, Inc.*, we held that "[a] consumer's file includes 'all information on the consumer that is recorded and retained by a [CRA] *that might be furnished*, or has been furnished, in a consumer report on that consumer." 891 F.3d 749, 759 (9th Cir. 2018) (alteration in original) (emphasis added) (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 711–12 (3d Cir. 2010)) (citing *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th Cir. 2007)).  While we agree with Plaintiffs that a consumer's "file" is *not* limited to information *previously* contained on a consumer report, the word "file" cannot be given the expansive definition suggested at first glance by the phrase "might be

furnished."  As the Seventh Circuit recognized in *Gillespie*, § 1681g(a) includes several enumerated categories of information that must be disclosed apart from information in the consumer's file under § 1681g(a)(1): the name of each person that received a consumer report, certain inquiries, original payees, and amounts of any checks that form the basis of an adverse credit entry.  482 F.3d at 909.  We agree with the Seventh Circuit that these enumerated categories of information would fall within an expansive definition of "file" and that we should thus avoid an interpretation of "file" that would render the enumerated categories duplicative.  *See id.*  As the district court here persuasively reasoned, to treat "might be furnished" as an open-ended possibility of future use would categorize huge swaths of information as consumer information and "would essentially mean that any and all information ever retained by a CRA, even if it is not data that would appear in a credit report, could be considered 'consumer report' data."  Remand Order, 2020 WL 2464797, at *5.  Information that "might be furnished" in the sense of *Shaw* is instead more reasonably interpreted to mean information similar to that shown to have been included by the CRA in a consumer report in the past or planned to be included in the future.  On this record, none of the information Plaintiffs contend Experian failed to disclose is of the type that has been included in a consumer report in the past or is planned to be included in such a report in the future.

B

Plaintiffs next argue that Experian violated § 1681g(a)(1), (3), and (5) by failing to include in its § 1681g disclosures several inquiries from third parties.  Plaintiffs focus their appeal on Experian's failure to disclose inquiries from American Mercury and the U.S. Department of

Housing in Plaintiff Buckles's reports (under § 1681g(a)(1) and (3)); the Providence Mutual inquiry in Plaintiff Ruderman's report (under § 1681g(a)(1) and (3)); and the Loanme and Credit One Bank inquiries in Plaintiff Tailford's report (under § 1681g(a)(1), (3), and (5)). The FCRA does not require Experian to disclose any of these inquiries under any subsection.

Section 1681g(a)(1) is inapposite because there is no dispute that the listed inquiries were "soft inquiries" that by definition "cannot be viewed by third parties who request a consumer's credit report" and "cannot be taken into consideration in the lending process." Dismissal Order, 2020 WL 6867157, at *4 n.2. Plaintiffs do not contest this definition of soft inquiries or argue that the soft inquiries at issue were included in consumer reports in the past or planned to be included in the future. Soft inquiries are not part of Plaintiffs' "file[s]" under § 1681g(a)(1), and therefore do not need to be disclosed.

Plaintiffs are incorrect in contending that the inquiries must be disclosed under § 1681g(a)(3). CRAs must disclose "each person (including each *end-user identified under section 1681e(e)(1)* of this title) that *procured* a consumer report." 15 U.S.C. § 1681g(a)(3) (emphasis added). A prerequisite of a necessary disclosure under that section is the actual *procurement* of a consumer report by an identified party. Plaintiffs nowhere allege that Experian actually sent the inquiring parties anything, or that whatever was sent was a consumer report. Moreover, even though Plaintiff Buckles's and Plaintiff Ruderman's inquiries requested the identification of "end-users" of information obtained by another party, § 1681a(g)(3) applies only to end-users identified under § 1681e(e)(1), which is limited to reports obtained by the end-user through a reseller of consumer

reports, who has identified the end-user to Experian. Plaintiffs do not allege that the information was obtained in such a manner.

Plaintiffs further allege that Experian violated § 1681g(a)(5) with respect to two promotional inquiries made with respect to Plaintiff Tailford by Loanme and Credit One Bank. Although that section requires disclosure of "inquiries" without reference to "consumer report," that section is limited to "inquiries received by the agency during the 1-year period preceding the request that identified the consumer in connection with a credit or insurance *transaction* that was not initiated by the consumer." *Id.* § 1681g(a)(5) (emphasis added). As this section refers explicitly to a "transaction," it is limited to inquiries leading to a firm offer of credit. Plaintiffs nowhere allege that these two inquiries led to an offer made to Tailford. Plaintiffs therefore failed to sufficiently plead a violation of § 1681g(a)(5) based on the non-disclosure of the Loanme and Credit One Bank inquiries.

C

Plaintiffs allege that § 1681g(a)(1), (3), and (5) require Experian to disclose the behavioral data included in the ConsumerView database in the § 1681g disclosures sent to Plaintiffs. None of these sections so require. Plaintiffs make a number of arguments why the behavioral information in the ConsumerView database is part of a consumer's "file" and for that reason should have been disclosed. First, Plaintiffs contend that because the ConsumerView database sources some of its data from the File One credit database and because File One data was collected for credit purposes, that data should be considered part of a consumer's file that might be used in a consumer report. The problem with this argument is that despite the sourcing of some of the data

from the File One database, the data maintained in the ConsumerView database is aggregate data, organized by zip-code and not individualized to any consumer. Such aggregate data is not information that ever has been or might arguably be included in an individual consumer report. The aggregate information contained in Experian's ConsumerView database is thus not part of a consumer's "file" and is therefore not subject to disclosure under § 1681g(a)(1) of the FCRA.

Second, Plaintiffs argue that the OmniView product, which incorporates the ConsumerView database, is itself a consumer report because Experian markets it to "target candidates for invitations to apply for credit" and insurance. Plaintiffs assert that these are credit purposes. Notwithstanding the uses identified by Plaintiffs, OmniView is not itself a consumer report. The FCRA defines a "consumer report" as follows:

> [A]ny written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—
>
> (A) credit or insurance to be used primarily for personal, family, or household purposes;
>
> (B) employment purposes; or

(C) any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d)(1).  The marketing of ConsumerView data to identify "target candidates *for invitations to apply* for credit," is not using that information to establish a consumer's eligibility for credit, employment or any other purpose authorized under § 1681b.  The ConsumerView information therefore does not meet the definition in § 1681a(d)(1) of a consumer report.

Plaintiffs next argue that § 1681g(a)(3) required Experian to disclose "each person . . . that procured a consumer report" and that Experian was thus required to include the identity of all persons including Alteryx who purchased ConsumerView information including Plaintiffs' information.  This argument fails for the same reason as Plaintiffs' argument with respect to § 1681g(a)(1): ConsumerView information is not a consumer report for purposes of the FCRA.  The FCRA thus did not require Experian to disclose the identity of those persons under § 1681g(a)(3).

Plaintiffs also allege that Experian failed to disclose that Experian affiliates and Alteryx received consumer reports that included information from the File One database.  As relevant here, § 1681g(a)(3) is limited to persons procuring a report during the one-year period prior to the consumer's § 1681g request.  Plaintiffs have not alleged that Experian shared consumer reports with its affiliates within the applicable time-period, and Plaintiffs' allegations with respect to Alteryx relate to information obtained in 2013, several years before any of the Plaintiffs' § 1681g requests.  Plaintiffs have thus failed to sufficiently allege a violation of

the FCRA based on Experian's information sharing with its affiliates or Alteryx.

## D

Finally, Plaintiffs argue that Experian violated § 1681g(a)(1) by failing to disclose the dates on which Tailford's and Ruderman's employment dates were reported to Experian.  To be clear, Plaintiffs do *not* allege that the dates of employment were not included in Experian's § 1681g disclosures—only the dates on which those employment dates were reported to Experian.  This information was included in Experian's Admin Report and Plaintiffs allege that it is also included in the Employment Insight report that Experian markets for sale.

The date on which employment was reported to Experian is not part of the consumer's "file" and need not be disclosed. The district court did not err in dismissing Plaintiffs' employment reporting date allegations.  Plaintiffs argue that the reported date of employment is included in Experian's Employment Insight report, which is itself a consumer report that should be disclosed.  But even assuming that the Employment Insight report is a consumer report, the date employment dates were reported can have no "bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living." 15 U.S.C. § 1681a(d)(1). That information therefore need not be included in a § 1681g disclosure.

## VII

For the above reasons, we affirm the district court's denial of Plaintiffs' motion to remand to state court and its

24    TAILFORD V. EXPERIAN INFORMATION SOLUTIONS

dismissal with prejudice of Plaintiffs' first amended complaint for failure to state a claim.[4]

---

[4] Because we conclude that none of the data alleged by Plaintiffs to be missing from Experian's § 1681g disclosures is subject to disclosure under the FCRA, we need not and do not address Plaintiffs' contention that Experian acted in willful violation of the FCRA.